UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:22-cr-00541 |
| | : | |
| Plaintiff, | : | Judge David A. Ruiz |
| | : | |
| -vs- | : | |
| | : | |
| TIMOTHY SUTTON, | : | **DEFENDANT'S SENTENCING** |
| | : | **MEMORANDUM** |
| Defendant. | : | |

Now comes Defendant, Timothy Sutton, by and through undersigned counsels Justin M. Weatherly, Esq. and Brandon J. Henderson, Esq., and respectfully moves this Honorable Court to consider a sentence sufficient, but not greater than necessary, to comply with and to achieve the statutory goals of sentencing under Title 18, United States Code §§ 3553(a) and 3661 for the reasons more fully explained in the attached Brief in Support, incorporated herein by reference.

Respectfully Submitted,

/s/ Justin M. Weatherly
BRANDON J. HENDERSON, Esq.
Reg. No. 0075285
JUSTIN M. WEATHERLY, Esq.
Reg. No. 0078343
HMW Law
1231 Superior Avenue East
Cleveland, Ohio 44114
(216) 774-0000
bh@teamhmwwins.com
jw@teamhmwwins.com
Counsel for Defendant Timothy Sutton

**BRIEF IN SUPPORT**

I.  STATEMENT OF THE CASE

On or about September 5, 2024, Defendant Timothy Sutton (hereafter "the Defendant" or "Mr. Sutton"), was charged in a superseding indictment containing thirty-four (34) counts. The indictment alleges that, from around or about January 2018 until on or about October 21, 2020, the Defendant committed the following acts: Count One (1) of Conspiracy to Commit Mail Fraud and Wire Fraud in violation of 18 U.S.C. §1341, 1342, and 1349, a Class B felony; Counts Two (2) through Fourteen (14) of Wire Fraud in Violation of 18 U.S.C. § 1342-3, Class B felonies; Counts Fifteen (15) through Nineteen (19) of Mail Fraud in violation of 18 U.S.C. §1341-2, Class B felonies; Counts Twenty (20) through Twenty-five (25) of False Statement Relating to Health Care Matters in violation of 18 U.S.C. §1035 and 2, Class E felonies, and; Counts Twenty-six (26) to Thirty-four (34) of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(1) and (2), Class D felonies.

On or about October 6, 2022, the Defendant appeared with counsel for purposes of his arraignment. At this time, the Defendant entered a plea of Not Guilty to all charges alleged. On or about April 4, 2025, Defendant entered into a Plea Agreement and withdrew his Not Guilty plea for a Guilty plea for the following counts: Count One (1) of Conspiracy to Commit Mail Fraud and Wire Fraud in violation of 18 U.S.C. §1341, 1342, and 1349, a Class B felony; Count Twenty (20) of False Statement Relating to Health Care Matters in violation of 18 U.S.C. §1035 and 2, a Class E felony; and, Count Twenty-Six (26) of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(1) and (2), a Class D felony. The remaining counts are to be dismissed at sentencing. The Defendant is currently scheduled to be sentenced by this Honorable Court on January 12, 2026.

On or about June 11, 2025, the United States Pretrial Services and Probation Department prepared a presentence investigation report ("PSR"). On or about December 29, 2025, the United

States Pretrial Services and Probation Department revised the PSR in advance of the January 12, 2026 Sentencing Hearing. Per U.S.S.G. § 2B1.1(a)(1), his base offense level for Counts One (1) and Twenty-Six (26) is 7 (PSR at 5). However, after applying a three-level deduction for Acceptance of Responsibility, Dr. Sutton's total offense level is **29** (PSR at 5 and 37). Defendant has a criminal history category of I. Cout Twenty-Six (26) was not scored but requires a 24 month mandatory, consecutive sentence (PSR at 5, 39-40). Applying a total offense level of 29, the sentencing guidelines recommend a sentence between 87-108 months of imprisonment followed by the two year term for Count Twenty-Six (26).

**I.      LAW AND ARGUMENT**

Sentencing procedure changed fundamentally in the wake of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Whereas previously the Federal Sentencing Guidelines were essentially mandatory in nature, today they are "effectively advisory" in all cases. *Id.* at 245. Consequently, it is required that district courts impose a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing pursuant to 18 U.S.C. § 3553(a)(2). *See United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006) ("[I]t is worth noting that a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose a 'sentence, sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2).") Section 3553(a)(2) states that such purposes are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Sixth Circuit has set forth a "procedure" for post-Booker sentencing determinations. "[O]nce the appropriate advisory Guideline range is calculated; the district court throws this ingredient into the section 3553(a) mix." *See United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006). However, in fashioning an appropriate sentence, the district court cannot presume that the Guideline range is reasonable but rather must also consider the factors enumerated in 18 U.S.C. § 3553(a) to determine if an adjustment is warranted. *Booker*, 543 U.S. at 245-46. Those factors include:

1) The nature and circumstances of the offense and the history and characteristics of the defendant;
2) The need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed training, care or treatment;
3) The kinds of sentences available;
4) The kinds and range of sentence under the guidelines;
5) Pertinent policy statements by the Sentencing Commission;
6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7) The need to provide restitution.[1] 18 U.S.C. § 3553(a)(1).

Per Booker, *supra*, a sentencing court is required to engage in a multi-step analytical process at sentencing. First, the court is to determine the applicable guidelines range. *United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008). After making appropriate findings of fact, the sentencing court must then determine whether a sentence within that range serves the factors set forth in § 3553(a). *Id.* Lastly, the sentencing court must articulate the reasons for the sentence imposed in light of the factors set forth in 18 U.S.C. § 3553(a). *Id.*

---

[1] Neither the statute nor Booker suggests that any one of these factors is to be given greater weight than another. Thus, a Sentencing Guidelines range is but one of a group of factors that should be considered by the court and to give it any greater weight would be inconsistent with Booker which directs a sentencing court to consider all of the factors – many of which the guidelines either reject or ignore.

## II.     DEFENDANT'S BACKGROUND

Tim Sutton grew up in Chagrin Falls, Ohio with his parents. His father was a doctor, modeling everything that Tim wanted to achieve when looking towards his future career. Although Tim's father set a great example outside of the home, inside the home he was an alcoholic that was verbally abusive to Tim until his teenage years. He witnessed many terrible fights between his mother and father due to alcohol abuse and would often have to defend his mother, causing his father to turn that anger onto Tim. His father got into trouble due to his alcoholism and lost his medical license and ability to practice. This affected Tim, making him lose the professional role model that he had. Through this, Tim did see that he wanted to do everything he could to help others and make sure never to hurt his medical career. Throughout school he exceeded and worked hard to achieve the best grades he could while also still making time to be an active member of the RIT volunteer ambulance corps. He graduated from Johns Hopkins School of Medicine in Baltimore in 2010. He received many awards and made many achievements in his medical career after graduating. His true passion was shining through with he groups that Tim is associated with such as American Society of Addiction Medicine and the American Academy of Health Care Providers in the Addictive Disorders. Considering this case Tim has still carried the weight of being the primary caregiver to his wife and children, while also caring for his elderly parents. Tim has immense support from his family and community, and wants to make sure he lives up to the man they all know.

## III.    STRONG FAMILY AND COMMUNITY SUPPORT

Mr. Sutton has strong support from his family and community, and with this support, it is unquestionable that community control sanctions would align with the purposes and principles of the felony sentencing guidelines. The following exhibits are letters written on behalf of Mr. Timothy Sutton.

*Kelli Sutton* is the wife of Tim Sutton. They have been married since 2009 and have a loving family together. Tim has always been the financial support for the family, and they rely on him immensely in their lives. They rely on Tim not only for financial support, but also for medical knowledge and experience. Kelli has medical conditions as does her oldest daughter both rely heavily on Tim to help them progress in better care and wellness. Kelli speaks of the dedication and support Tim provided during the rapid decline in health of his father-in-law and the role Tim played in making sure he was getting the best care possible. While the family relies on Tim in many ways some of the most important things come from his children. He is a constant in their lives, such as helping with homework and reading to them every night before bed. Tim's commitment to helping people has never wavered and sees now how naïve he was in trusting that company. Kelli asks that this honorable court take his character and his strong desire to help people in need into consideration. *(Please See Exhibit A)*.

*James Sutton and Dyan Sutton* are Tim's parents. They both emphasize the hard work and dedication that Tim has put forward in advancing his career. He had always had the desire since a very young age to help people and in doing so making sure to "do it right". Both parents have also started to rely on Tim for his medical advice and caregiving due to hitting the later years in life. They are extremely proud of Tim and the accomplishments he has achieved along with his character that he has carried throughout his life. Tim has been working on his own medical health as well as caring for the people in his family. Tim's parents respectfully ask this Honorable Court to recognize the remorse he has from this mistake and know that it doesn't define who he truly is as a person. *(Please See Exhibits B & C)*.

*Gerard A. Myers* has known the defendant for 5 years since he worked with Tim as a co-medical director at a treatment center. The patients and the staff hold Tim in very high regard. Though aware of the charges in this case Mr. Myers asks that this Honorable Court to consider

6

the admirable actions as a physician of Tim in sentencing. Mr. Myers would like the Court to consider Probation or Minimal Sentencing for Tim due to the outstanding work Tim has done in the medical field. *(Please See Exhibit D)*

*Frank Cardinale* has known Tim for over 30 years. Frank describes his relationship with the Sutton family as very close, such as being the Godfather to Tim's two young daughters. Frank watched Tim struggle with addiction himself and put the tremendous effort into rehabilitation but also turn that to helping others with the same struggles. Frank discusses the passion that Tim has for helping all that cross his path, from family to complete strangers. Mr. Cardinale respectfully asks this Honorable Court to consider the compassion and care that Tim has presented to others through his life in the sentencing of this case. *(Please See Exhibit E)*.

*Dolores Stansfield* is a friend of Tim's parents. They have been a part of Tim's life since he was born. Dolores speaks of Tim's kindness and willingness to help people no matter what. She speaks of Tim being very trusting of all and that's what led to this horrible situation. Dolores asks that this honorable Court take into consideration the true intentions of Tim being to help others as he always has. *(Please See Exhibit F)*.

*Richard and Jacquelyne Fabian* are best friends of Tim's parents. Richard discusses the honesty of Tim to the point when he owed Richard two pennies, he would insist on getting it back to him. Richard also addresses the compassion and kindness that has been discussed within all the letters attached. Jacquelyn describes how hardworking Tim is and the pride he has in his hypocritic oath to serve others. Richard and Jacquelyne Fabian are both requesting that this Honorable Court consider the compassion and kindness that Tim has for all people when sentencing. *(Please See Exhibit G & H)*.

*Dr. Jeff Landers* is the doctor who is supervising Tim's recovery from his recent gastric bypass surgery. He expresses concern for Tim's ability to handle the food available while

7

incarcerated so shortly after his surgery and respectfully requests that Tim's medical needs are considered during his sentencing. *(Please See Exhibit I & J)*.

WHEREFORE, Defendant, Tim Sutton, by and through undersigned counsel, Justin M. Weatherly, Esq., and pursuant to Crim. Rule 32(A)(1), respectfully moves this Honorable Court to consider as a part of the defense allocution of the aforementioned in passing final judgment upon him.

Respectfully Submitted,

/s/ Justin M. Weatherly
JUSTIN M. WEATHERLY, Esq.
BRANDON J. HENDERSON, Esq.
Counsel for Defendant Timothy Sutton

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of January 2026, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic record. All other parties will be served by regular U.S. Mail, including the parties listed below. Parties may access this filing through the Court's Electronic System.

/s/ Justin M. Weatherly

JUSTIN M. WEATHERLY, Esq.
BRANDON J. HENDERSON, Esq.
Counsel for Defendant Timothy Sutton

9